**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **CHERONDA FREEMAN,** | ) | **CASE NO. 1:26-cv-753** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNITED WHOLESALE** | ) | |
| **MORTGAGE, LLC,** *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

**Background**

*Pro se* Plaintiff Cheronda Freeman has filed a complaint for "violation of civil rights and

due process" in this case against multiple defendants in connection with a state-court judgment

of foreclosure against her. (Doc. No. 1.) She sues "the lender or servicer entities involved in

the foreclosure and the law firms and attorneys who participated in the enforcement process,"

including United Wholesale Mortgage, LLC, Lakeview Loan Servicing, LLC, Hinshaw &

Culbertson, LLP, James W. Sandy, Esq., Albertelli Law Partners Ohio LLC. (*Id*. at 1, and ¶¶ 3,

7-13.)

The only basis Plaintiff alleges for her complaint is that there were "procedural

deficiencies" in the state court foreclosure action, which caused her to lose her home through

foreclosure and subsequent sale of her property. (*Id*. at ¶ 19.) Specifically, she complains that

the state trial court struck her filings, substantially limiting her ability to present defenses and

challenge the claims against her; her requests for discovery "were denied or were not

meaningfully addressed"; and "[n]o meaningful evidentiary hearing was conducted in which [she] could challenge evidence, confront witnesses, or test the lender's or servicer's claims." (*Id*. at ¶¶ 16-18.)  She seeks a declaratory judgment that her due process rights were violated in the foreclosure case and compensatory damages.

Plaintiff did not pay the filing fee in the case, but instead, filed a  motion to proceed *in forma pauperis*.  (Doc. No. 2.)   That motion is granted.  For the following reasons, her complaint is dismissed.

**Standard of Review and Discussion**

District courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to review all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  The standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under § 1915(e)(2)(B).  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).  To survive a dismissal, a complaint must set forth sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Id.* Further, although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment generally accorded *pro se* pleadings "has limits."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  *Pro se* plaintiffs must still meet still basic pleading requirements, and courts are not required to conjure

allegations or create claims on their behalf.  *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir.

2004); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Upon review, the Court finds that Plaintiff's complaint warrants *sua sponte* dismissal for

failure to state a plausible federal claim.

First, it is a basic pleading requirement that a plaintiff must attribute specific factual

allegations to particular defendants to state a claim.  *See Twombly*, 550 U.S. at 555 (holding that,

in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair

notice of his or her claim). "[C]onclusory allegations of collective, unspecified, and

undifferentiated wrongdoing is not sufficient [as] vaguely lump[ing] all defendants together

without providing any factual allegations that specify separate acts fails to satisfy the

*Iqbal/Twombly* standard." *Kurek v. Ohio Dept. of Dev. Disabilities*, No. 3:16-cv-623, 2017 WL

1555930, at *6 (N.D. Ohio Jan. 20, 2017) (collecting cases).

Here, although it is clear that Plaintiff is unhappy with a state court judgment of

foreclosure against her, her complaint complains only of "procedural deficiencies" that she

believes occurred in the state-court foreclosure proceeding.  But she does not allege that, or how,

any of the named Defendants was specifically involved in or responsible for those procedural

deficiencies.  She does not set forth specific factual allegations of wrongdoing with respect to

each of the named Defendants.  Merely listing defendants in the caption of the complaint but

raising no specific factual allegations against each of them in the body of the complaint as

Plaintiff does here is insufficient to state a plausible claim. *See Gilmore v. Corr. Corp. of Am.*,

92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57

(1978)).

Second, Plaintiff's complaint does not allege a plausible claim for civil rights or due process violations under 42 U.S.C.§ 1983, which provides a private cause of action where a plaintiff demonstrates that she was deprived of a right secured by the Constitutional or the laws of the United Statest by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48, (1988); *see also Miller v. Countrywide Home Loans*, 747 F. Supp. 2d 947, 954 (S.D. Ohio 2010).   Plaintiff's complaint fails to allege a plausible § 1983 claim because she does not allege, and nothing in her complaint suggests, that the Defendants she names (her mortgage loan creditor, a servicing entity, and private lawyers and law firms) acted under color of state law by participating in a mortgage foreclosure proceeding against her. *See, e. g. Oliver v. Towd Point Mortgage Trust 2017*, Case No.: 1: 20 CV 2427, 2021 WL 1664060, at \*2 (N.D. Ohio Apr. 28, 2021) (dismissing § 1983 action against mortgage company, bank, and legal counsel relating plaintiff's failure to make payments on her mortgage loan); *Miller*, 747 F. Supp.2d at 954 (plaintiff-mortgagor did not state a § 1983 claim brought against mortgagee, loan processor, and law firm relating in connection with plaintiff's mortgage loan).

Finally, to the extent Plaintiff seeks to challenge the procedures, evidence, rulings, or outcome of her state-court foreclosure proceeding, her remedy is appeal in the state courts. Lower federal district courts lack jurisdiction to review cases litigated and decided in state court, and the doctrine of *res judicata* bars the Court from reviewing claims Plaintiff raised, or could have raised, in state proceedings. *See Givens v. Homecomings Financial*, 278 Fed. Appx. 607, 608 (6th Cir. 2008); *Clark v. Lender Processing Services, Inc.*, 949 F. Supp.2d 763, 773 (N.D. Ohio 2013).

**Conclusion**

For all of the foregoing reasons, Plaintiff's complaint fails to state a plausible federal claim upon which she may be granted relief and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

5/26/2026

DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE